# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **In Re SAV-RX Data Breach Litigation** | **ORDER FOR CONSOLIDATION**<br><br>8:24CV204<br>8:24CV205<br>8:24CV206<br>8:24CV210<br>7:24CV5005<br>8:24CV214<br>8:24CV215<br>8:24CV216<br>4:24CV3109<br>8:24CV218<br>8:24CV228<br>8:24CV229<br>8:24CV261<br>8:24CV264 |

This matter is before the Court on the Motion to Consolidate Cases (Filing No. 26 in Case No. 8:24CV204) filed by the plaintiffs in each of the above-captioned cases. The plaintiffs seek consolidation of the above-captioned related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. After review of the pleadings and the motion to consolidate, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted.

The plaintiffs' claims all arise out of the same data breach of the defendant's computer network on or about October 3, 2023, which resulted in the unauthorized access of private personal information, including full names, postal addresses, dates of birth, Social Security numbers, email addresses, phone numbers, health insurance eligibility data, and health insurance individual policy numbers, of approximately 2.8 million individuals. The defendant began providing state Attorneys General and affected individuals with notice of the breach on May 10, 2024, and the plaintiffs and putative class members are individuals affected by this data breach. The plaintiffs have all alleged a number of causes of action against the defendant arising out of the data breach, including negligence, unjust enrichment, breach of implied contract, breach of implied covenant of good faith and fair dealing, breach of third-party beneficiary contract, invasion of confidence, violations of the

Illinois Consumer Fraud and Deceptive Business Practices Act, and seek declaratory and injunctive relief.

Because the plaintiffs' claims each arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals, all of the above-captioned actions will involve common questions of law and fact. See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involve[ing] a common question of law or fact."). Consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings. Moreover, the plaintiffs have proposed jointly filing a consolidated amended complaint in the first-filed action, *Prestby, et al. v. A&A Services, LLC*, Case No. 8:24-CV-00204; thereafter, the plaintiffs propose administratively closing the remaining member cases and proceeding under the *Prestby* action only. No party has filed any opposition to this motion, and the time to do so has passed. Under the circumstances, the Court finds the plaintiffs' motion should be granted and the above-captioned cases should be consolidated for all purposes.

The plaintiffs have further proposed setting a deadline for filing motions to appoint interim class counsel under Fed. R. Civ. P. 23(g)(3), setting a deadline to file a consolidated complaint, and extended the defendant's responsive pleading deadline to 60-days after the consolidated complaint is filed. The Court finds the plaintiffs' proposed schedule is reasonable. Accordingly,

**IT IS ORDERED**:

1. The plaintiffs' Motion to Consolidate Cases (Filing No. 26 in Case No. 8:24CV204) is granted. The above-captioned cases are consolidated for all purposes. The Court designates Case No. 8:24CV204 as the "Lead Case," and Case Nos. 8:24CV205, 8:24CV206, 8:24CV210, 7:24CV5005, 8:24CV214, 8:24CV215, 8:24CV216, 4:24CV3109, 8:24CV218, 8:24CV228, 8:24CV229, 8:24CV261, 8:24CV264 as "Member Cases."

2. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, until a consolidated complaint is filed in the Lead Case, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases. When filing such documents, counsel may either file the document separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

    b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

3. Any applications for appointment as interim class counsel under Fed. R. Civ. P. 23(g)(3) on behalf of any plaintiffs shall be filed by **August 5, 2024**.

4. The plaintiffs in the above-captioned cases shall file a motion for leave to file a Consolidated Amended Complaint in the Lead Case within (30) days of the Court's appointment of interim class counsel.

    a. The deadline for the defendant to file an answer or other responsive pleading is extended to 60-days after the plaintiffs file a Consolidated Amended Complaint.

    b. If the defendant files a motion under Fed. R. Civ. P. 12 as a responsive pleading, the plaintiffs shall have 30-days to file a brief in opposition. Thereafter, the defendant may have 30-days to file a brief in reply.

5. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

Dated this 22nd day of July, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge